IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LONNIE LYNN JOHNSON, | § | |
|         Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-690-P |
| | § | |
| BOBBY LUMPKIN, Director,[1] | § | |
| TDCJ-CID, | § | |
|         Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Lonnie Lynn Johnson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

**I. BACKGROUND**

Petitioner is serving a 45-year sentence for his 1987 conviction in Parker County, Texas, Case No. 9844, for burglary of a motor vehicle. Pet. 2, ECF No. 1. In this petition, he challenges the forfeiture of educational good-time awards (bonus time) following revocation of his parole. *Id.* at 6. Respondent provides the affidavit of Charley Valdez, a program

---

[1] Bobby Lumpkin has replaced Lorie Davis as director of the Correctional Institutions Division of the Texas Department of Criminal Justice and is automatically substituted as the party respondent. FED. R. CIV. P. 25(d).

supervisor III for TDCJ's classification and records department, containing the following information relevant to the case:

> Offender Johnson was received into TDCJ custody on l2/11/1987 from Parker County on a 45-year sentence. Offender Johnson was convicted by the 43rd Judicial District Court for the following:
>
> • Burg Mtr Veh, under Cause Number 9844. Offender Johnson was convicted for an offense occurring on 07/19/1987, with sentencing on 11/20/1987 and sentence to begin 07/19/1987.
>
> Offender Johnson was released from TDCJ custody to parole on 04/26/1994.
>
> A pre-revocation arrest warrant was issued on 10/18/2000 by the Parole Division and executed on 10/18/2000 in Nacogdoches County. <u>Offender Johnson's parole supervision was revoked on 10/31/2000</u> and Offender Johnson was transferred to TDCJ custody on 12/14/2000. For pre-2001 parole revocations, Texas Government Code Section 508.283 forbids any street time credit after revocation. *Ex parte Spann,* 132 S.W.3d 390, 393 (Tex. Crim. App. 2004). Therefore, Offender Johnson forfeited the time spent on parole supervision: 6 years, 5 months, and 22 days. He also forfeited all previously accrued good time. TEX. GOV'T CODE § 498.004(b). Offender Johnson received jail credit from 10/18/2000 to date of next release on 10/02/2007.
>
> Offender Johnson was released from TDCJ custody to parole on 10/04/2007.
>
> A pre-revocation arrest warrant was issued on 09/30/2008 by the Parole Division and executed on 10/01/2008 in Tarrant County. The warrant was withdrawn on 11/19/2008 and Offender Johnson was released from custody. Offender Johnson received jail credit from 10/01/2008 to 11/19/2008.
>
> A pre-revocation arrest warrant was issued on 04/28/2011 by the Parole Division and executed on 04/28/2011 in Comanche County. The warrant was withdrawn on 04/25/2012 and Offender Johnson was released from custody. Offender Johnson received jail credit from 04/28/2011 to 04/25/2012.
>
> A pre-revocation arrest warrant was issued on 01/13/20l4 by the Parole

Division and executed on 01/13/2014 in Anderson County.

Offender Johnson was convicted by the 3rd District Court of Anderson County and received two 30-year sentences for the following:

- Unlawful Poss Metal/Body Armor, under Cause Number 31675 (count 1). Offender Johnson was convicted for an offense occurring on 01/12/2014, with sentencing on 06/29/2015 [sic], and sentence to begin on 01/12/2014

- Unlawful Poss Firearm by Felon, under Cause Number 31675 (count 3). Offender Johnson was convicted for an offense occurring on 01/12/2014, with sentencing on 06/29/2015, and sentence to begin on 01/12/2014.

<u>Offender Johnson's parole supervision was revoked on 07/07/2015</u> and Offender Johnson was transferred to TDCJ custody on 08/03/2015. Because the remaining portion of his sentence was greater than the amount of time from his release date to the date the warrant was issued, Offender Johnson forfeited 5 years, 1 month, and 24 days of calendar street time. TEX. GOV'T CODE § 508.283(c); *Ex parte Spann,* 132 S.W.3d at 395-96. In addition, Offender Johnson forfeited any previously accrued good time. TEX. GOV'T CODE § 498.004(b). Offender Johnson received jail credit from 01/13/2014 to the present.

A Time Dispute Resolution Form was received from Offender Johnson on 06/13/2007. On 09/10/2007 Offender Johnson was advised: "If you are entitled to OJT credits, they will be documented by school officials and that documentation forwarded to this office. We will adjust your time calculations based on that."

A Time Dispute Resolution Form was received from Offender Johnson on 04/29/2019. On 06/17/2017 [sic], Offender Johnson was advised: "Your records have been reviewed in regard to your recent request concerning educational good-time awards. As of 6-18-19 you have 00-01-30 (yy/mm/dd) (bonus time). If not correct please contact Windham School district, records custodian, P.O. Box 40 Huntsville, Tx. 77320."

A Time Dispute Resolution Form was received from Offender Johnson on 06/30/2020. On 07/22/2020, Offender Johnson was advised: "Time sheet

3

is based off your controlling offense. Cause #31675 01 and 03 control your minimum exp date, while cause #9844 controls your max expiration date."

Resp't's Preliminary Answer, Ex. A, 3-6, ECF No. 12-1 (emphasis added).

Petitioner also filed an application for a state writ of habeas corpus challenging the forfeiture of his educational good-time credits on September 9, 2019, which the Texas Court of Criminal Appeals dismissed on December 18, 2019, without written order.[2] SHR[3] 26 & Action Taken, ECF Nos. 14-1, 14-3. Petitioner filed this federal petition on June 26, 2020.[4] Pet. 10, ECF No. 1.

## II. DISCUSSION

In one ground for habeas relief, Petitioner claims that his rights under the Fourteenth Amendment and article I, § 9 of the Texas Constitution are "being violated by TDCJ-ID, time section, by refusing to correct existing earned 'education 'A' bonus time credits' errors towars [sic] his completion of his sentence." Pet. 6, ECF No. 1. According to his calculations, Petitioner is owed 1090 days' bonus time credit for completion of an on-the-job training program he completed in March 1990. Pet'r's Mem. 4-5, ECF No. 2. Respondent

---

[2] A state prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide that information, however he signed the "Unsworn Declaration (Inmate)" on September 9, 2019. Thus, the application is deemed filed on that date.

[3] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-21,114-04.

[4] A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

asserts that the petition should be dismissed with prejudice as untimely.[5] Resp't's Preliminary Answer 1, ECF No. 12.

Title 28, United States Code, 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

---

[5] Respondent also asserts that the petition is unexhausted, however he does not seek dismissal on that basis. Resp't's Preliminary Answer 5, ECF No. 12.

In cases challenging state parole decisions and the forfeiture of time credits, generally the limitations period begins to run under subsection (D) on "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D); *Heiser v. Johnson,* 263 F.3d 162, 2001 WL 803542, at *3 (5th Cir. June 8, 2001). Under these circumstances, that date is typically the date the petitioner's parole is revoked. *See Redd v. McGrath,* 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson,* 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole,* 321 F.3d 274, 280 (2d Cir. 2003); *Heiser,* 2001 WL 803542, at *3; *Brown v. Davis,* No. 4:16-CV-070-Y, 2017 WL 477381, at *2 (N.D. Tex. Feb. 6, 2017); *Caughron v. Cockrell,* No. 4:03-CV-230-A, 2003 WL 22004577, at *2 (N.D. Tex. Aug. 1, 2003).

Petitioner's parole was revoked on two occasions. To the extent, he forfeited some or all of his education bonus time credits as a result of the October 31, 2000 revocation, Petitioner could have discovered the factual predicate of his claim with due diligence on the date his parole was revoked or shortly thereafter when he was returned to TDCJ-CID custody. Therefore, he had one year, or until October 31, 2001, within which to file his federal petition, absent any tolling. Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's time credit resolution form filed on June 13, 2007, as well as his state habeas application filed on September 9, 2019, after the limitations period had already expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th

Cir. 2000). Nor has Petitioner demonstrated that equitable tolling is justified. Equitable tolling is permitted only in rare and exceptional circumstances when the petitioner can prove that he is actually innocent of the crime for which he was convicted or, relevant here, an extraordinary factor beyond the petitioner's control prevented him from filing his petition in a timely manner. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner makes no effort to explain his delay and nothing in the record suggests that extraordinary circumstances prevented him from timely filing his petition.

To the extent, he forfeited some or all of his education bonus time credits as a result of the July 7, 2015, revocation, Petitioner could have discovered the factual predicate of his claim with due diligence on date his parole was revoked or shortly thereafter when he was returned to TDCJ-CID custody. Therefore, he had one year, or until July 7, 2016, within which to file his federal petition, absent any tolling. Petitioner's time credit dispute resolution forms filed on April 29, 2019, and June 30, 2020, as well as his state habeas application filed on September 9, 2019, after the limitations period had already expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott*, 227 F.3d at 263. Nor has Petitioner demonstrated that equitable tolling is justified. As previously noted, Petitioner makes no effort to explain his delay and nothing in the record suggests that extraordinary circumstances prevented him from timely filing his petition.

In summary, absent any applicable tolling, Petitioner's petition was due on or before

October 31, 2001, as it pertains to the October 31, 2000, revocation and resultant forfeiture of his bonus time credits, and on or before July 7, 2016, as it pertains to the July 7, 2015, revocation and resultant forfeiture of his bonus time credits. His petition filed on June 26, 2020, is therefore untimely in all respects.

For the reasons discussed herein, Petitioner's § 2254 petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** with prejudice as time barred. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 26th day of January, 2021.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE